IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ARON FREELAND,**
      **Petitioner,**

**v.**                            **CIVIL ACTION NO.: 3:19-CV-22**

**BETSY JIVIDEN,**
**WVDOC Commissioner,**
      **Respondent.**

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

### I.    INTRODUCTION

On February 22, 2019, the *pro se* Plaintiff, an inmate[1] at Huttonsville Correction Center in Huttonsville, West Virginia, filed a pleading styled "Motion for T.R.O. to be Issued", which was construed as a civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1.[2] The pleading claims that Plaintiff's life was threatened by a correctional officer on February 18, 2019, and that his safety required his transfer from Huttonsville Correctional Center.

Also on February 22, 2019, the Clerk issued a notice of deficient pleading and intent to dismiss because Plaintiff failed to file his complaint on Court-approved forms. ECF No. 2. On March 4, 2019, Plaintiff filed a motion to compel styled "Injunctive Relief Order". ECF No. 4. The motion seeks two forms of relief: (1) that Defendants be ordered to comply with certain policy directives and provide Plaintiff with a copy of all his

---

[1] According to the West Virginia Division of Corrections online Offender Search page, Plaintiff's projected release date is September 10, 2029.

[2] All ECF number cited herein are in 3:19-CV-22, unless otherwise noted.

previously-filed grievances; and (2) that the Court schedule an evidentiary hearing so Plaintiff may establish how the Defendants have prevented him from exhausting his available administrative remedies. Id. at 4.

## II. LEGAL STANDARD

### A. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327.

    B.    Requests for Injunctive Relief

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction[4] under an abuse-of-discretion standard." <u>International Refugee Assistance Project v. Trump</u>, 883 F.3d 233, 255 – 56 (4th Cir. 2018), <u>as amended</u> (Feb. 28, 2018). The standard for granting injunctive relief was articulated by the United States Supreme Court which held in <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

<u>Int'l Refugee</u>, 883 F.3d at 256 (citing <u>WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave</u>, 553 F.3d 292, 298 (4th Cir. 2009) (citing <u>Winter</u>, 555 U.S. at 7)). This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo. See <u>East Tennessee Natural Gas Co. v. Sage</u>, 361 Fed 3d 808, 828 (4th Cir. 2004) (quoting <u>Wetzel v. Edwards</u>, 635 F.2d 283, 286 (4th Cir.

---

[4] Although Plaintiff's initiating pleading is styled as a motion for a temporary restraining order ("TRO"), the relief Plaintiff seeks appears to be more properly considered as a preliminary injunction.

3

1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

### III.   ANALYSIS

In regard to Plaintiff's motion for a TRO, it appears Plaintiff cannot meet the four-part Winter test for issuance of a TRO or preliminary injunction.  First, Plaintiff has not shown he is likely to succeed on the merits in regard to his claim.  "To state a claim for relief in an action brought under § 1983, [Plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).  See Thomas v. The Salvation Army Southern Territory, 841 F.3d 632, 637 (2016).  Plaintiff claims that he was threatened by a correctional officer on February 18, 2019, and that he has been denied an opportunity to exhaust his administrative remedies to resolve his claim of violations of his Constitutional rights.  However, Plaintiff instituted this action just five days after the event of which he complains.  It is clear that an insufficient time period has passed from the incident for Plaintiff to have exhausted his administrative remedies in regard to his claim.  Moreover, Plaintiff states in his motion to compel, styled as "Injunctive Relief Order", that he has already filed a motion for injunctive relief in the Circuit Court of Randolph County, West Virginia.  ECF No. 4 at 2.

Second, Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief.  Plaintiff claims that his life is in danger because a correctional officer threatened to "beat his [ ] ass" at some future time.  ECF No. 1 at 2.

4

However, to the extent that Plaintiff claims that defendants have retaliated against him based on his preparation of a grievance against defendants [ECF No. 1 at 1], Plaintiff has failed to demonstrate that he suffered any adversity in response to his exercise of his right to file a grievance. "A plaintiff alleging that government officials retaliated against her in violation of her constitutional rights must demonstrate, *inter alia,* that she suffered some adversity in response to her exercise of protected rights." Am. Civil Liberties Union of Maryland, Inc. v. Wicomico Cty., Md., 999 F.2d 780, 785 (4th Cir. 1993). Plaintiff has failed to demonstrate either that he has suffered any adversity as a result of the claimed threat, or that he is likely to suffer irreparable harm in the absence of injunctive relief.

Third, Plaintiff has failed to show that the balance of equities tips in his favor. Despite his allegations of threatened harm, Plaintiff has not alleged any actual harm, only the threat of harm. However, "[m]ere words, abuse, and threats, without more, are not sufficient to state a constitutional deprivation under § 1983 or the *Bivens* doctrine." Davis v. Eagleton, 2012 WL 3029497 (D.S.C. June 12, 2012) (See Henslee v. Lewis, 153 Fed. App'x. 178, 180 (4th Cir. 2005) ("As to Henslee's claim that a jail employee incited other inmates to attack him, Henslee did not contend that any inmates in fact attacked him. Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983.")).

Fourth, Plaintiff has not demonstrated that an injunction is in the public interest. Plaintiff has raised no specific grounds which concern the public interest. Accordingly, Plaintiff has not demonstrated that the public interest requires the injunction he seeks.

Because Plaintiff is unable to meet any of the four parts of the Winter test for

issuance of an injunction in relation to his motion contained within his initiating pleading [ECF No. 1] for a TRO, the same is not merited.  Moreover, to the extent that Plaintiff's motion seeks to mandate action by the Defendants, Plaintiff has failed to demonstrate that he is entitled to extraordinary relief because he has failed to demonstrate that the exigencies of the situation demand such relief.

Moreover, it has long been recognized in this Circuit that courts should not rule upon issues when another court already exercises jurisdiction of those same matters.  Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325–26 (4th Cir. 1937) ("The court will refuse [to rule] where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances.")  In this case, not only has Petitioner failed to exhaust his administrative remedies, he has filed a similar motion for injunctive relief in the Circuit Court of Randolph County, West Virginia.

Accordingly, it is clear that this Court lacks jurisdiction.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the motion for a temporary restraining order contained within the initiating pleading filed pursuant to 42 U.S.C. § 1983 [ECF No. 1] be **DENIED.**  It is further **RECOMMENDED** that Plaintiff's

motion to compel [ECF No. 4] be **DENIED**. And it is **RECOMMENDED** that Plaintiff's complaint [ECF No. 1] filed pursuant to 42 U.S.C. § 1983 should be **DISMISSED AND DENIED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to timely file written objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** March 7, 2019

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE