# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ARON FREELAND,**

    Plaintiff,

v.                                                             **CIVIL ACTION NO.: 3:19-CV-22**
                                                                            **(GROH)**

**BETSY JIVIDEN,**
**WVDOC Commissioner,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 5] on March 7, 2019. In his R&R, Magistrate Judge Trumble recommends that the Plaintiff's Complaint [ECF No. 1] be dismissed without prejudice.

### I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a plaintiff's right to appeal this Court's Order. 28.U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91,

94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted by the pro se Plaintiff on March 11, 2019. ECF No. 6. The Plaintiff filed his objections on March 21, 2019. ECF No. 7. Accordingly, the Court will review the portions of the R&R to which the Plaintiff objects de novo.

## II. Background

The Plaintiff's § 1983 claim arises from the Plaintiff's allegation that a correctional officer at the Huttonsville Correctional Center threatened his life on February 18, 2019. ECF No. 1 at 1. Specifically, the Plaintiff alleges that the correctional officer threatened to "beat [his] [ ] ass," at some future time. Id. at 2. In light of this event, the Plaintiff states that he is "in fear for [his] life" and requests that the Court order his transfer out of the Huttonsville Correctional Center.

On March 4, 2019, the Plaintiff responded to the Court's notice of deficient pleading. ECF No. 4. Therein, the Plaintiff stated that he cannot bring a § 1983 claim because he has not exhausted his administrative remedies. Id. at 1. However, the Plaintiff argues that prison officials are actively preventing him from exhausting his administrative remedies. Id. Therefore, the Plaintiff moves the Court for injunctive relief and asks the Court to: (1) order the Defendant to provide him with copies of the grievances he has filed; and (2) schedule a hearing so that the Plaintiff may explain how he is unable to exhaust his administrative remedies. ECF No. 4 at 4. The Plaintiff states that he previously filed the same motion in Circuit Court of Randolph County, West Virginia, but that he has not received a response. Id. at 2.

Because the Plaintiff admits that he has not exhausted his administrative remedies as required by § 1983, the only issue is whether the Plaintiff is entitled to the injunctive relief that he requests.

### III. Applicable Law

To demonstrate a right to injunctive relief, a plaintiff must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Nat. Res. Def. Council, Inc.</u> 555 U.S. 7, 20 (2008); <u>see also</u> <u>Int'l Refugee Assistance Project v. Trump</u>, 883 F.3d 233, 255-56 (4th Cir. 2018), <u>as amended</u> (Feb. 28, 2018).

### IV. Analysis

In this case, the Plaintiff cannot meet the four-part <u>Winter</u> test. First, he cannot establish that he is likely to succeed on the merits. While the Plaintiff asserts that he has been denied the opportunity to exhaust his administrative remedies, he filed the instant action only *five days* after the event of which he complains. It is clear that an insufficient amount of time has passed from the incident for the Plaintiff to have exhausted, or even attempted to exhaust, all of his administrative remedies with respect to his claim. Therefore, it is unlikely that the Plaintiff can succeed on the merits of his claim.

Next, the Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief. While the Plaintiff argues in his objections that he will be irreparably harmed "in the event he was hit in his head," there are no facts which indicate that he is *likely* to be hit in his head in the immediate future. The Supreme Court has held that a "possibility" of future harm does not meet the standard. <u>See</u> <u>Winter</u>, 555

3

U.S. at 22. Rather, the plaintiff must show that irreparable injury is *likely* in the absence of an injunction. Id. Here, a single incident in which a correctional officer stated, "[n]ext time I will beat your [ ] ass," is insufficient to show a likelihood of irreparable harm. Accordingly, the Plaintiff has not shown a likelihood of irreparable harm.

Third, the Plaintiff has failed to show that the balance of equities tip in his favor. Although the Plaintiff fears physical harm, he has not alleged any *actual* harm to date. Correctional facilities must be permitted to exercise control over their facilities, the prisoners therein, and the administrative grievance process. Therefore, the Plaintiff has not alleged facts so egregious as to persuade the Court that the balance of equities should tip in his favor.

Lastly, the Plaintiff has not even addressed that an injunction would be in the public interest. Accordingly, the Plaintiff has not demonstrated that the public interest requires the injunction that he seeks.

As a final note, even if the Plaintiff had met the standard for a preliminary injunction, the Plaintiff admits that he filed the same action in the Circuit Court of Randolph County, West Virginia *before* he filed the instant complaint. It has long been recognized in this Circuit that courts should not rule upon issues when another court already exercises jurisdiction of those same matters. Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325-26 (4th Cir. 1937). Therefore, this Court lacks jurisdiction to grant the Plaintiff a preliminary injunction, even if one was merited.

## V. Conclusion

Therefore, upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 5] should be, and is

hereby, **ORDERED ADOPTED** for the reasons more fully stated therein.   Therefore, the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.   The Plaintiff's Motion to Compel, Motion for Hearing [ECF No. 4] is **DENIED** for the reasons provided herein.

This matter is **ORDERED STRICKEN** from the Court's active docket.   The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** March 25, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE